IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVIE C. PARK, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANT CREDIT UNION, <br><br> Defendant. | Case No. 1:19-cv-06893 |

## COMPLAINT

NOW COMES DAVIE C. PARK, through counsel, SULAIMAN LAW GROUP, LTD., complaining of ALLIANT CREDIT UNION, as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Defendant's willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DAVIE C. PARK ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. ALLIANT CREDIT UNION ("Alliant") is a corporation organized under the laws of Illinois.

1

8. Alliant has its principal place of business at 11545 West Touhy Avenue, Chicago, Illinois 60666.

9. Alliant is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

10. On October 10, 2014, Plaintiff executed a Retail Installment Contract (the "Contract") in favor of Alliant.

11. The Contract secured the purchase of Plaintiff's 2004 Toyota Sienna XLE (the "Vehicle).

12. On January 28, 2015, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

13. Simultaneously with the voluntary petition for relief, Plaintiff filed his original Chapter 13 plan.

14. Plaintiff's Modified Chapter 13 Plan, dated March 31, 2015, was confirmed on April 1, 2015 (the "Confirmed Plan").

15. The Confirmed Plan provides:

> ■ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**
>
> \*\*\*
>
> **Section G.** *Special terms.*
>
> Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.
>
> \*\*\*

**Special Terms** *[as provided in Paragraph G]*

> 4. Debtor shall make direct payments to Alliant Credit Union for 2004 Toyota Sienna XLE with 142,000 miles. Alliant Credit Union is authorized to send monthly statements directly to the Debtor.

16. Plaintiff paid each installment according to agreement – with last payment made in October 2017.

17. On or before July 11, 2018, Plaintiff obtained his Equifax credit report.

18. Plaintiff discovered that Alliant failed to report Plaintiff's auto loan monthly payments; instead, reporting Plaintiff's auto loan as "Included in Wage Earner Plan."

19. On July 11, 2018, Plaintiff sent a credit dispute letter to Equifax by United States Postal Service First-Class Mail®.

20. Plaintiff's credit dispute letter unmistakably articulated that Plaintiff's auto loan was not included in bankruptcy, and provided evidence – *i.e*, the Confirmed Plan.

21. Plaintiff requested that Equifax investigate and correct Alliant's inaccurate reporting.

22. Equifax notified Alliant of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV") on July 18, 2018.

23. On August 8, 2018, Alliant responded to this ACDV.

24. On August 9, 2018, Equifax mailed Plaintiff Dispute Results.

25. Plaintiff's Equifax dispute results stated, in part:

>>> ***We have researched the credit account. Account # - 23794769\* The results are*:** We verified that this item has been reported correctly. Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: **Alliant Credit Union, 11545 W Touhy Ave, Chicago IL 60666-5000 Phone: (800) 328-1935***

26. Equifax's dispute results revealed that Alliant continued to suppress Plaintiff's monthly payments.

27. Equifax's dispute results revealed that Alliant continued to report Plaintiff's Status as "Included in Wage Earner Plan."

28. On or before August 22, 2019, Plaintiff once more obtained his Equifax credit report.

29. Plaintiff discovered that Alliant's inaccurate reporting continued.

26. Specifically, that Alliant failed to report Plaintiff's auto loan monthly payments; instead, reporting Plaintiff's auto loan as "Included in Wage Earner Plan."

30. On August 22, 2019, Plaintiff sent a credit dispute letter to Equifax by United States Postal Service First-Class Mail®.

31. Plaintiff's credit dispute letter unmistakably articulated that Plaintiff's auto loan was not included in bankruptcy, and provided evidence – *i.e*, the Confirmed Plan.

32. Plaintiff requested that Equifax investigate and correct Alliant's inaccurate reporting.

33. On October 15, 2019, Plaintiff obtained his Equifax credit report.

34. Plaintiff's Account Status remained "INCLUDED_IN_CHAPTER_13."

35. Plaintiff's Account History stated: "[y]ou currently do not have any Payment History in your file."

## DAMAGES

36. Undeniably, Alliant's inaccurate reporting of Plaintiff's auto loan continues to portray an untruthful and damaging depiction of Plaintiff.

37. Alliant's continued inaccurate reporting of Plaintiff's auto loan produced a materially misleading impression that Plaintiff included this auto loan in bankruptcy.

38. Alliant's continued inaccurate reporting has led Plaintiff to closely monitor his credit.

39. Alliant's continued inaccurate reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

40. Furthermore, Alliant's continued inaccurate reporting has rendered Plaintiff helpless to regain control of his credit standing and creditworthiness.

41. Plaintiff has been forced to file this case to compel Alliant to report Plaintiff's auto loan accurately.

## CLAIMS FOR RELIEF

### Count I:
### Alliant's violation(s) of 15 U.S.C. § 1681 *et seq.*

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.  Alliant's failure to conduct an investigation**

44. 15 U.S.C. § 1681s-2(b)(1) provides

> "[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> > (A)  Conduct an investigation with respect to the disputed information;

    (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)    Report the results of the investigation to the consumer reporting agency;

    (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    Modify that item of information;

        (ii)    Delete that item of information; or

        (iii)    Permanently block the reporting of that item of information.

45. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Alliant received Plaintiff's credit dispute letter from Equifax.

46. Alliant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

47. Alliant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

48. Had Alliant conducted a reasonable investigation, Bank of America N.A. would have discovered that Plaintiff's Loan was not included in bankruptcy and was paid consistently every month; and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

49. Alliant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax, Experian and Trans Union.

50. Alliant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

51. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

52. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

53. Alliant's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by

circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Alliant in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of Alliant's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 18, 2019                                          Respectfully submitted,

                                                                                   **DAVIE C. PARK**

                                                                                   */s/ Joseph S. Davidson*

                                                                                   Joseph S. Davidson
                                                                                   Mohammed O. Badwan
                                                                                   SULAIMAN LAW GROUP, LTD.
                                                                                   2500 South Highland Avenue
                                                                                   Suite 200
                                                                                   Lombard, Illinois 60148
                                                                                   +1 630-575-8181
                                                                                   jdavidson@sulaimanlaw.com
                                                                                   mbadwan@sulaimanlaw.com